## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| STEPHANIE DUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CV420-090 |
| | ) | |
| BRITTNEY PASCOE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Defendant Pascoe has moved to file a document under seal. Doc. 158. That Motion stands unopposed. *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5. The parties have each filed motions *in limine*, docs. 160 & 161, which are opposed, *see* docs. 168 & 170. *See* doc. 166. The motions *in limine* are pending before the District Judge. The Motion to Seal is addressed below.

Defendant Pascoe moves to seal "documentary evidence" that is subject to a confidentiality agreement with an unidentified third party. *See* doc. 158 at 1. Defendant proffers her "understanding [that it] is the position of the third party that the documentary evidence contains

sensitive financial information that should not be available for public inspection." *Id.* at 1. Despite that "understanding," Pascoe does not venture her own assessment of the evidence in question. *See generally id.* Moreover, she notes that "this same exhibit (although only a portion of the same) was admitted into evidence in *Lowe v. Difei Transport, LLC*," after the Honorable Charles A. Pannell, Jr. denied a motion to seal it.[1] *Id.* at 2 n. 1. The evidence, which was submitted for the Court's *in camera* inspection is over 1,000 pages long and appears to propose redacting certain information, rather than sealing the document entirely. Under the circumstances, the Court cannot conclude that the document should be sealed.

Even when a request to seal material is unopposed, the Court must still determine whether such exceptional treatment is appropriate, since "the parties to a lawsuit lack the authority to determine which documents outweigh the public's common law right of access." *Usry v. EquityExperts.org, LLC*, 2020 WL 9127714, at *2 (S.D. Ga. Apr. 13, 2020) (citing *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985)).

---

[1]   Judge Pannell denied the Motion to Seal because, pursuant to the Northern District's standard procedures, trial exhibits are not placed on the public docket. *See Lowe v. Difei Transp., LLC*, 1:20-cv-5224-CAP, doc. 209 (N.D. Ga. June 13, 2023).

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "[T]he common-law right of access includes the right to inspect and copy public records and documents." *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")). "A trial is a public proceeding, and the public has a right of access to evidence and testimony admitted at trail." *Hyundai Motor Am. Corp. v. EFN W. Palm Motor Sales, LLC*, 2022 WL 17987526, at *1 (S.D. Fla. Dec. 12, 2022) (citing *Nixon*, 435 U.S. at 597; *Chi. Tribune Co.*, 263 F.3d at 1311).

A party can overcome the common-law right of access by a showing of good cause. *Callahan v. United Network for Organ Sharing*, 17 F.4th

1356, 1363 (11th Cir. 2021).  A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential."  *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted) (quoting *Chi. Tribune Co.*, 263 F.3d at 1309).  In weighing these competing interests, the Court considers "a number of important questions," which the Eleventh Circuit discussed in *Callahan*:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.   Concerns about trade secrets or other proprietary information, for example, can overcome the public interest in access to judicial documents.   Indeed, a court should consider whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations omitted).  The decision of whether good cause exists rests with the sound discretion of the district court judge, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question."  *Chi. Tribune Co.*, 263 F.3d at 1311

(quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and alterations omitted), 1315.

Pascoe has failed to show good cause sufficient to overcome the public's right of access.  First, Defendant refers to a "confidentiality agreement," between it and an unidentified third party, but does not produce the agreement.  *See generally* doc. 158.  To the extent that the Court can discern the basis for the Motion, it appears that Pascoe is permitted under the agreement to proffer the evidence "subject to the 'presiding Court's confidentiality provisions' and with appropriate redactions."  *Id.* at 1.  This Court has no "confidentiality provisions," beyond the presumption of publicity, discussed above. *See also* S.D. Ga. L. Civ. R. 79.7(d) ("The party seeking to have any matter placed under seal must rebut the presumption of openness derived from the First Amendment by showing that closure is essential to preserve some higher interest and is narrowly tailored to serve that interest.").  Second, given the complete lack of meaningful information about Defendant's obligation under her agreement with the unidentified third party, it is unclear whether she has any cognizable interest in her request.[2]  Finally,

---

[2]  Given Defendant's reference to Judge Pannell's denial of a similar request, the

notwithstanding those defects, there is no basis, beyond counsel's *ipse dixit*, that the document contains "sensitive financial information."  The Court notes, further, that the document submitted for *in camera* inspection already contained redactions, making any determination of the propriety of those redactions impossible.  Accordingly, Defendant's Motion to Seal is **DENIED**.[3]  Doc. 158.

**SO ORDERED**, this 6th day of November, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

Court notes that it appears that the third party in question filed that Motion, asserting its own confidentiality interest.  *See Lowe v. Difei Transp., LLC*, 1:20-cv-05224-CAP, doc. 208 (N.D. Ga. June 9, 2023).

[3] If Defendant Pascoe, or the third party, believes that a sufficient showing to seal the document in question could be made, either remains free to move the Court for that relief.  In the absence of such a showing, Defendant has "the option of filing the materials in the normal course," as provided by the Local Rules.  *See* S.D. Ga. L. Civ. R. 79.7(c).  Since the proposed sealed matter was submitted electronically, there is no need for the Court to return it.  *See id.*